IN OGLETHORPE SUPERIOR COURT, OCTOBER, 1832.

## WILLIAM SCOTT *vs.* RICHARD WALKER.

### *Assumpsit.*

THIS action was founded upon a due bill, given by the defendant, payable to George Mason. When the bill was produced in evidence the words *" or bearer"* were interlined, and when the bill was folded those words were very much blotted, and no other part of the bill was blotted, which rendered it manifest that the bill itself was dry when it was folded, and that the interlineation was made at a time subsequent to the execution of the due bill. Objection being made to the admissibility of the due bill in evidence in its shape; the court required the interlineation to be explained, and said if it could be proved that the interlineation was in the hand writing of the defendant, or that it had been made in his presence, and with his consent, the explanation would be complete. This was attempted, but the attempt was abortive. Plaintiff's counsel then contended that the plaintiff in this case being only bearer, could not be supposed to be cognizant of facts which had transpired before his interest in the due bill existed. It was further contended, that the bill being declared on as payable to bearer, it was incumbent on the defendant to have taken the advantage of the interlineation at the first term, and that it was now too late to object. The court observed that the interlineation of the due bill was of itself a suspicious circumstance, and ought to have put the bearer on his guard; and to have induced him to make such inquiries as to have satisfied him that the interlineation had been correctly made. That if these inquiries had been made, and had resulted in a conviction that the interlineation had been correctly made, the requisition now made of explanation could not be onerous. That oyer generally was required of sealed instruments only. That in the present case the omission to crave it, and plead the interlineation, was unimportant. That the defendant was not required in his answer to set out the evidence by which his defence was to be supported. The objection now made was to the evidence, and it was made as soon as the evidence was attempted to be introduced. Plaintiff's counsel then suggested that the interlineation did not subject the defendant to the payment of a greater sum, or at an earlier day than the due bill did, without such interlineation.

*An interlineation of the words " or bearer" in a due bill, is a material alteration, and will vitiate the instrument, unless it is proven to have been made by the maker or by his consent.*

OGLETHORPE,
October, 1832.

SCOTT
v.
WALKER.

*The Judge.* It is admitted that the interlineation does not change the amount, or time of payment, but it changes the manner of its negotiability, which the defendant considers of very great importance to him, because it deprives him of a defence which would be successful, but for the interlineation. The due bill then has been altered in a material part. It cannot be shown that it was done by defendant, or by his consent or privity. In the absence of all proof to the contrary, the presumption that it was done by the payee or bearer must prevail. The due bill is therefore rejected as evidence.

The convention concurred with the presiding judge, that the alteration was material, and vitiates the note unless explained and shown to have been made by defendant or with his consent, but were of the opinion that it ought to have been submitted to the jury under the charge of the court to that effect.